OREN A. KAFFENBARGER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kaffenbarger v. Commissioner
Docket No. 5373-76.
United States Tax Court
T.C. Memo 1978-128; 1978 Tax Ct. Memo LEXIS 387; 37 T.C.M. (CCH) 566; T.C.M. (RIA) 780128; March 30, 1978, Filed Oren A. Kaffenbarger, pro se. Donald W. Mosser, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined deficiencies in petitioner's income taxes as follows: Addition to tax [1] Year
Income tax
(Sec. 6651(a)(1))
1972
$2,105.79
$319.60
1973
2,265.36
566.34
Petitioner resided in Springfield, Ohio, at the time he filed his petition herein. In each of the taxable years involved herein, he filed a Form 1040, to which he attached a Form W-4E (exemption from withholding), on which he listed only his name and address *388 and did not list any data relating to his income and deductions. He claimed on the face of each form that he was not required to file or pay income taxes, citing the "Law of the Land" and various provisions of the United States Constitution. Petitioner had income as follows: 1972
1973
Salary
$ 9,000.00
$ 9,431.25
Net rental income
2,449.24
2,449.24
$11,449.24
$11,880.49
In computing the deficiencies herein, respondent allowed, for each year, the standard deduction of $1,000 and a $750 exemption. Petitioner is a tax protester who advances a variety of constitutional, legal, economic, and moral arguments in support of his assertion that respondent's determination is invalid and should not be sustained. Petitioner's contentions are totally without merit and frivolous. They have been frequently considered and rejected by the courts. Petitioner, at trial, was specifically invited to present evidence as to the substantive issues regarding his income and deductions for the taxable years in question but declined to do so.As a consequence and as a result of the granting of a motion by respondent to deem certain facts as stipulated, it is clear *389 beyond a shadow of a doubt that respondent's determination should be sustained. Such conclusion can be supported either because of the failure of petitioner (a) properly to prosecute or (b) to satisfy his burden of proof both as to the underlying deficiencies in tax and additions to tax under section 6651(a)(1). See Rule 142, Tax Court Rules of Practice and Procedure.
Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩